IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANA M. BLAKELEY, | ) | CASE NO. 1:13 CV 2366 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Diana M. Blakeley under 42 U.S.C. § 405(g) for judicial

review of the final decision of the Commissioner of Social Security denying her application

for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript

of the administrative record.[4] Pursuant to my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 23. The parties have consented to my exercise of jurisdiction.

[2] ECF # 8.

[3] ECF # 19.

[4] ECF # 20.

[5] ECF # 11.

[6] ECF # 21.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

### A.     Background facts and decision of the Administrative Law Judge ("ALJ")

Blakeley, who was 24 years old at the time of the hearing,[11] was found by the ALJ to have "a history of a learning disability" and "has qualified for services in the past from the Ohio Department of Developmental Disabilities."[12] Moreover, the ALJ found that Blakeley "appears to be working currently in a sheltered work environment" and has worked previously in a nursing home.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Blakeley had the following severe impairments: asthma and borderline intellectual functioning.[14]

---

[7] ECF # 26 (Blakeley's brief); ECF # 28 (Commissioner's brief); ECF # 29 (Blakeley's reply brief).

[8] ECF # 26-1 (Blakeley's charts); ECF # 28-1 (Commissioner's charts).

[9] ECF # 27 (Blakeley's fact sheet).

[10] ECF # 33.

[11] Transcript ("Tr.") at 105-06 (ALJ's decision).

[12] *Id.* at 105.

[13] *Id.*

[14] *Id.* at 11.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Blakeley's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that Ms. Blakely has the residual functional capacity to perform light work, which involves lifting up to 20 pounds occasionally, 10 pounds frequently; sitting for at least six hours in an eight hour day; standing and walking for at least six hours eight hour day. There are no limits on push, pull or foot pedals except to the extent of the lift/carry limitations. Ms. Blakely can occasionally use a ramp or stairs, but never a ladder, rope or scaffold. Ms. Blakely can frequently balance and occasionally stoop, kneel, crouch or crawl. Ms. Blakely should avoid high concentrations of heat, cold, humidity, smoke and fumes. Ms. Blakely should avoid unprotected heights. Mentally, Ms. Blakely should do no complex tasks, but can do simple routine tasks. Ms. Blakely can do low stress work meaning no high production quotas or piece rate work. Ms. Blakely cannot do work involving arbitration, negotiation or confrontation. She should only have superficial interactions with the public, co-workers and supervisors. Contact with others is not eliminated, but it should be for a short duration and a specified purpose. Ms. Blakely can only have few job changes and static job duties (20 CFR 416.967(5)).[15]

Despite the comment, noted above, concerning experience in a sheltered work environment, the ALJ found that Blakeley has no past relevant work.[16]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Blakeley could perform.[17] The ALJ, therefore, found Blakeley not under a disability.[18]

---

[15] *Id.* at 14.

[16] *Id.* at 16.

[17] *Id.* at 17.

[18] *Id.* at 17-18.

**B.**    **Issues on judicial review and decision**

Blakeley asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Blakeley presents the following issues for judicial review:

- The ALJ found that Blakeley did not meet or equal Listing § 12.05(C). Does substantial evidence support that finding?

- The ALJ found that Blakeley had the capacity to perform light work with significant mental limitations to address her severe mental impairments? Does substantial evidence support the ALJ's RFC finding?

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.**    **Standard of review - substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## B.    Application of standard

### 1.    *Listing § 12.05*

Blakeley initially challenges the finding that she did not meet or equal Listing § 12.05(c) for mental retardation.[22] In that regard, she asserts that the ALJ failed to fully evaluate the evidence showing that she was mentally retarded but instead simply concluded that her diagnosis of borderline intellectual functioning *per se* excluded her from meeting the

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] As is well-documented elsewhere, in 2013 the term "mental retardation" was replaced in Listing § 12.05 by "intellectual disability." I retain the former wording here to conform with the terminology employed in this proceeding.

-5-

listing for mental retardation.[23] The Commissioner, however, maintains that the ALJ did not make any *per se* finding,[24] but rather determined, on the evidence, that Blakeley did not have deficits in adaptive functioning such as would allow her to meet Listing § 12.05.[25]

Section 12.05 provides:

12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning[FN2] initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

> FN2. Adaptive functioning refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their age group, sociocultural background, and community setting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, (Fourth Edition, Text Revision); American Psychiatric Association (2000) pp. 41–2.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;

OR

B. A valid verbal, performance, or full scale IQ of 59 or less;

---

[23] ECF # 29 at 4-5.

[24] Indeed, the Sixth Circuit has stated that a diagnosis of borderline intellectual functioning does not preclude a finding that a claimant meets Listing 12.05(c), although the absence of a diagnosis of mental retardation is probative. *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014).

[25] ECF # 28 at 14.

OR

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

OR

D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration.[26]

Both parties here agree that Blakeley meets two of the three tests for meeting Listing § 12.05: a qualifying IQ score of 63, as well as another mental impairment – such as a major depressive disorder – imposing an additional and significant work-related limitation of function.  Thus, resolution of the first issue for judicial review turns on whether Blakeley has established that she has subaverage general intellectual functioning with deficits in adaptive functioning.

The Commissioner notes that the ALJ relied on the opinion of examining psychologist Richard Halas,[27] whose reason for diagnosing Blakeley as having borderline intellectual functioning and not mental retardation was that "she does not have deficits in adaptive

---

[26] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

[27] ECF # 28 at 14.

functioning."[28] To that point, the ALJ specifically observed that Blakeley was able to use a cell phone and to keep track of her appointments with a cell phone application.[29] Moreover, later in the opinion, the ALJ also noted that Blakeley has received GAF scores of between 61-70, "indicating only mild symptoms" of any problems with functioning.[30]

Blakeley, as the claimant, has the burden of proof at step three.[31] Further, as noted above, a diagnosis of borderline intellectual functioning is probative of whether a claimant is also mentally retarded, although not dispositive.[32] Additionally, although the ALJ did not closely analyze the findings of the examining psychologist, nor assign any specific weight to his findings, the ALJ did accurately state that the reason given by the psychologist for his diagnosis was because Blakeley does not have deficits in adaptive functioning.

Taken together, along with the ALJ's specific citations to Blakeley's GAF scores that show only mild difficulties with adaptive functioning,[33] I find that substantial evidence supports the conclusion that Blakeley does not meet Listing § 12.05.

---

[28] Tr. at 12.

[29] *Id.*

[30] *Id.* at 16.

[31] *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

[32] *Peterson*, 552 F. App'x at 539.

[33] As United States Magistrate Judge Armstrong recently stated, GAF scores are substantial evidence as to whether a claimant has deficits of adaptive functioning such as would meet Listing 12.05. *Drake v. Colvin*, No. 1:14CV0001, 2014 WL 5431322, at *12 (N.D. Ohio Oct. 24, 2014) (MO&O).

## 2.      *RFC and mental limitations*

Blakeley here asserts that the RFC is flawed because the ALJ failed to consider the functional limitations set out in a special accommodations questionnaire completed by her supervisor in the sheltered workshop. She argues that this evidence shows that she is not able to work on a regular basis, eight hours a day, five days a week.[34] Further, she contends that the questionnaire corroborates her own testimony concerning her work limitations that the ALJ found not credible.[35]

The Commissioner, in response, maintains that this employer questionnaire was considered by the ALJ at the hearing, and was used in his questioning of the claimant, but was "inadvertently omitted from the record."[36]

A review of the transcript shows that this questionnaire was available to the ALJ at the hearing[37] and was used by the claimant's attorney in questioning the vocational expert about whether absence from work for more than one day per month, without special accommodations, would exclude finding any jobs available to the claimant.[38]

---

[34] ECF # 29 at 6.

[35] *Id.* at 7.

[36] ECF # 28-1, at 3.

[37] Tr. at 38. "No, we don't have this.... I wish Mr. Hoven [the form was completed by Richard Hoban] had been more expansive rather than just checking off boxes."

[38] *Id.* at 56. "Q. Mr. – may I have my questionnaire back for a minute?"

Thus, the relevant inquiry here is whether the ALJ erred by not specifically mentioning or evaluating this questionnaire in the discussion of evidence going to the formulation of the RFC. The general rule, as stated by the Sixth Circuit, is that although an ALJ is "required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."[39] While this rule does not fully and always apply to medical source opinions, which are subject to their own, well-recognized standards for consideration and articulation,[40] it remains true that an ALJ is not required to discuss each piece of evidence in an opinion as the ALJ considered the evidence as a whole and the resulting decision is supported by substantial evidence and articulated in a way that may be meaningfully reviewed.[41]

As Magistrate Judge Burke noted recently in a similar case, the issue raised here by Blakeley is essentially a claim that the ALJ overlooked evidence favorable to greater limitations in the RFC while crediting evidence supportive of a greater functional capacity. In those circumstances, as Magistrate Judge Burke rightly observes, the decision of the Commissioner may not be reversed simply because the record contains evidence supportive

---

[39] *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)).

[40] *See*, *e.g.*, *Dow v. Comm'r of Soc. Sec.*, No. 1:13CV493, 2014 WL 4377820 (S.D. Ohio Sept. 4, 2014).

[41] *See*, *Paskewitz v. Astrue*, No. 1:11CV2371, 2012 WL 5845357, at * 11 (N.D. Ohio Oct. 29, 2012) (citations omitted).

of a different conclusion.[42] Simply put, such a situation comes within the "zone of choice" within which the Commissioner may act without fear of interference from the courts.[43]

Here, I note that Blakeley has not argued that there is no substantial evidence to support the limitations now present in the RFC. Rather, she appears to contend that the mere failure to mention this single piece of evidence is sufficient for a remand. However, as noted above, the relevant law does not require that result.

Accordingly, I find that Blakeley's claim in this regard is without merit and that the decision of the Commissioner here should be affirmed as supported by substantial evidence.

## Conclusion

For the reasons stated above, substantial evidence supports the finding of the Commissioner that Blakeley had no disability. Accordingly, the decision of the Commissioner denying Blakeley supplemental security income is affirmed.

IT IS SO ORDERED.


Dated: February 13, 2015                          s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge


---

[42] *Id.* (citing *Buxton*, 246 F.3d at 772).

[43] *Id.*